CASE 31.—ACTION BY UNITED STATES TRUST COMPANY, TRUSTEE, AGAINST ELIZABETH POUTCH AND OTHERS FOR ADVICE OF THE COURT AS TO ITS POWER TO SELL REAL ESTATE AND REINVEST THE PROCEEDS.—November 10.

# U. S. Trust Co. v. Poutch, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment plaintiff appeals.—Affirmed.

Trusts—Construction of Deed—Power of Sale.—Under a deed to decedent as trustee for his wife and children, with full power of control, covering land paid for by him, and providing that he and "any successor appointed by him" could sell the property, on decedent's death without appointing a successor, the court could appoint a trustee to exercise the general power to control the property for the wife and children, but not to exercise the power of sale; that being a personal power vested in decedent and his appointees.

O'NEAL & O'NEAL for appellant.

A large amount of unimproved real estate in this case renders it essential to the proper management of the trust that the power of sale be conferred upon the trustee, appellant herein, because:

1. The trusts created in the deed are not personal to Marcus Doerhoefer, but are annexed to the office of trustee.

2. The creator of the trust clearly manifests a purpose to provide for the sale of such part of this property as the trustee might deem beneficial to the estate.

3. The court will find on page 117 of this record a judgment in a suit in the chancery court wherein all parties interested were petitioners, designating and appointing the appellant as trustee

in all of these deeds and expressly giving to him power to sell and convey the said property as fully as the original trustee could have done.

It seems to us that this was clearly within the power of the chancellor, and we ask this honorable court to so adjudge.

### AUTHORITIES CITED.

Harris v. Ruckert, 13 B. M. 563; Am. & Eng. Ency. of Law, (2nd Ed.), vol. 28, 960; Coleman Bush Investment Co. v. Figg, Trustee, 15 Ky. Law Rep. 817; Meddis v. Bull's Admr., 13 Ky. Law Rep. 767; Price v. Swager's Trustee, 9 Ky. Law Rep. 89; Perry on Trusts (5th Ed.), section 503; Am. & Eng. Ency. of Law (2nd Ed.), vol. 28, p. 997; Druid Park Heights Co. v. Oettinger, 53 Md. 46; Safety Deposit & Trust Co. v. Sutro, 75 Md. 367.

WM. J. STEINERT for appellees.

### CLASSIFICATION.

1. Question discussed: Where the original deed of trust designated the parties who should exercise the power of sale of real estate, can the court, upon failure of such parties, confer such power upon a trustee of its own appointment.

2. Authorities relied upon: 2 Perry on Trusts, section 473; 28 Am. & Eng. Ency. of Law, 981; 28 Am. & Eng. Ency. of Law, 864, also 996; 1 Perry on Trusts (5th Ed.), section 20; 1 Lewin on Trusts, 19; Freeman v. Prendergast, 94 Ga. 369; Osborne v. Gordon, 86 Wis. 92; Bailey v. Burgess, 10 R. I. 422; Mercer v. Safe Deposit & Trust Co., 45 Atl. 965; French v. Northern Trust Co., 197 Ill. 30, 64 N. E. 105.

3. Of appellant, discussed: Coleman-Bush Investment Co. v. Figg, 15 Ky. Law Rep. 817; Meddis v. Bull's Admr., 13 Ky. Law Rep. 767; Price v. Swagar's Trustee, 9 Ky. Law Rep. 89; Harris v. Rucker, 3 B. M. 564; Druid Park Heights Co. v. Oettinger, 53 Mr. 46; Safe Deposit & Trust Co. v. Sutro, 75 Md. 367.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Prior to the year 1900 Marcus Doerhoefer resided in the city of Louisvile, Ky., with his family, consisting of a wife and several minor children. It appears that he purchased 19 parcels of real estate and caused

the conveyance for same to be made to himself as trustee. The habendum clause of each of the deeds is in substance the same. We copy one of them, to-wit: "To have and to hold unto the party of the second part the aforesaid tract or parcel of land, with the improvements thereon and appurtenances thereunto belonging, with covenant of general warranty on the following trust, namely: The party of the second part shall take possession of and control of all the aforesaid property, collect the rents thereof, and after paying taxes and all other necessary charges against the same, including repairs, he shall pay the net income thereof to Mary Doerhoefer, wife of Marcus Doerhoefer, for and during her natural life, for the support and maintenance of herself and second party's children, and after the death of said Mary Doerhoefer said trustee shall use and expend the net income of said property, for the support and maintenance of her children; but said children shall not have the right to require or compel the second party to render or make any account or settlement of moneys received by him or expended by him, as such expenditures are left to his discretion, and the second party is hereby given full and complete power to sell said property, or any part thereof, or any of the investments, and reinvest the proceeds in any other property to be held on the foregoing trust, and has full power to sell any of the same for reinvestment, and the proceeds shall be reinvested in the foregoing trust, and the purchaser shall not be required in any event to look to the application of the purchase money. In the event of the death of the said second party and his wife and children without leaving issue, then the property herein conveyed shall revert to and become a part of the estate of said Marcus Doerhoefer, and

the second party shall have the right by deed or will to appoint his successor in this trust, with all the powers herein given said trustee, and, in the event said wife should die before said Marcus Doerhoefer, then the property herein conveyed shall revert to and become the estate of said Marcus Doerhoefer, the said second party, and any successor appointed by him is given full, complete, and perfect power to sell and convey in fee simple said tract or parcel of land above described, or make any reinvestment, and the purchaser need not look to the application of the purchase money.'' Marcus Doerhoefer died intestate without naming any one to succeed him as trustee. His widow, for herself and children, filed an ex parte action requesting the court to appoint a trustee with the same powers as the original trustee. The court granted this request and appointed appellant. Soon after its appointment it became doubtful of its power to sell the real estate and reinvest the proceeds, and of other powers and duties in connection therewith. It therefore filed this action to obtain the advice of the chancellor with reference thereto. The court appointed a guardian ad litem to represent the interest of the infant children, and he filed an answer controverting the power of the court to give appellant. the trustee, the right to sell and dispose of this real estate. The lower court sustained his contention. and appellant appeals.

The only question to be determined is: Is the power of sale and reinvestment given Marcus Doerhoefer, the original trustee, a personal power conferred upon him by reason of some special confidence reposed in him and to be exercised by him alone; or is it a power annexed to the office of trustee, and as such to be exercised by any one who might be appointed by the

court to discharge the duty of the trust? To help elucidate this question it is necessary to consider how it happened that Marcus Doerhoefer was made the trustee with the powers named in the deed. It appears .the vendors in the deeds were strangers to Doerhoefer's wife and children. They had no special interest in them. Marcus Doerhoefer paid the purchase price of the property and caused the deeds to be made with the language recited. He settled this property upon himself as trustee, with full power to manage, control, rent, and receive the rents for the benefit of his wife and children. This was a general power conferred upon himself, which the court could appoint another to perform at his death; but with reference to a sale of the property and a reinvestment of the proceeds, the deeds contain this language: ''The second party [meaning Marcus Doerhoefer] and any successor appointed by him is given full, complete, and perfect power to sell and convey in fee simple all or any part of said property.'' We construe this language as giving a personal power and discretion to Doerhoefer to make the sale, or to any one appointed by him, and in our opinion the court has no power to give the trustee appointed by it the right to sell this real estate, for the reason, as we understand it, the language of the deed in effect reserves this right to Doerhoefer, or to some one appointed by him as his successor in office. It is evident that, when he settled upon himself this property as trustee, he never intended that it should be sold, except by himself or some one appointed by him. See Perry on Trusts (5th Ed.) vol. 1, section 20.

The authorities presented by counsel for appellant do not militate against the conclusion reached. The opinion that seemingly comes nearest supporting his

position is the case of Price v. Swager's Trustee, 4 S. W. 34, 9 Ky. Law Rep. 89. In that case, by the last will of Joseph Swager, O'Leary was appointed his executor and trustee, with direction to lay off certain lots and streets in a tract of 13 acres of land on a certain road in Jefferson county, and to sell and convey such portion or parts or the whole of said lots as may be considered beneficial to his estate, and reinvest the proceeds in improving the lots unsold, etc. O'Leary refused to accept the trust. One Hobbs was then appointed by the court to take the place of O'Leary, and was, by an order of court, given the power given in the will to O'Leary. Hobbs proceeded to divide the property and make sales of the lots; but one of the purchasers refused to accept his deed. This court determined that the deed was valid. Swager directed his trustee to do certain things. It is true that the trustee had some discretion about the details; but by the will he was given general powers and directions to do certain things. The other cases referred to by appellant are somewhat similar to the Swager Case. In the case at bar Doerroefer retained in himself the power and discretion of selling the property, and stated, in effect, that no one else should have that power except the person appointed by him.

For these reasons, the judgment of the lower court is affirmed.